RHODE ISLAND INSURANCE COMPANY, REPUBLIC INSURANCE COMPANY and GLOBE AND REPUBLIC INSURANCE COMPANY, complainants-appellants,

*v.*

JOSEPH A. HOLMES and HARRIET G. HOLMES, defendants-respondents.

[Submitted February term, 1944. Decided May 15th, 1944.]

*Messrs. Lum, Fairlie & Wachenfeld,* for the complainants-appellants.

*Mr. Albert Kushinsky,* for the defendants-respondents.

The opinion of the court was delivered by

HAGUE, J.

This is an appeal from a decree of the Court of Chancery dismissing the bill of complaint and dissolving *ad interim* restraints theretofore imposed. We find no merit in the appeal. The "conclusions" of the learned Vice-Chancellor are marked "not for print in any report" and it is necessary to outline the pleadings and the proofs briefly.

A bill was filed by three insurance companies against the defendants, husband and wife. The prayers of the bill were (1) that the defendants be enjoined from prosecuting a cer-

tain action at law against the insurance companies; (2) that the defendant Joseph A. Holmes be restrained from offering in evidence any decree of the Court of Chancery reforming the deed covering the premises insured by complainants; (3) that an order issue directing that the defendants show cause why they should not be enjoined from prosecuting (a) the law action, (b) the bill for reformation of the deed; (4) that the Court of Chancery decree that the insurance companies are not liable to the defendants, or either of them, on account of the policies issued on the ground that the assured named in the policies was not the sole and unconditional owner of the property insured; (5) that the court decree that the insurance contracts were never valid and that they be canceled.

The defendant Joseph A. Holmes had purchased the furnishings of a certain building in Ocean County and the bill of sale was duly recorded. Later he purchased land on which a building was erected in which the aforesaid chattels were located, giving back a purchase-money mortgage. His wife, Harriet, joined in the mortgage. The grantor's deed was drawn to both defendants, husband and wife, as grantees. The B & M Corporation was the grantor and at the time title was transferred the secretary of the grantor corporation (who was also an insurance agent) procured two policies of fire insurance, in which both Mr. Holmes and his wife were named as the owners of the property. The insurance policies were turned over to the mortgagee and insurance certificates were delivered to Holmes. In the certificates the owners were stated to be "Joseph A. Holmes et al." The purchase of the property took place in 1935 and in 1941 Holmes took out other insurance from a different agent who represented each of the three complainant insurance companies. In these policies Holmes was represented as the owner sole and unconditional. In 1942 a fire occurred and the insured premises and their contents were damaged. The complainant insurance companies repudiated liability on the ground that Mr. Holmes was not the sole owner. Holmes and his wife started an action at law on the contracts of insurance for the damage resulting from the fire loss. The insurance companies

answered denying liability on ground that their insured, Joseph A. Holmes, was not the sole owner of the premises. Before the trial of the action at law, Holmes filed a bill in Chancery to reform the deed by which conveyance of the premises was made, alleging that there had been a mutual mistake of fact in the deed naming him and his wife as grantees; that it was intended by the grantor and himself that the property be conveyed to him alone; and that he was the sole and unconditional owner of the premises. He also alleged he did not discover the mistake whereby his wife was added in the deed as a grantee until June, 1942, which was after the date of the fire. His prayer was for reformation of the deed so that he alone should appear as owner. His wife and the grantor were named defendants in the Chancery action. No answer to the bill was filed and a decree *pro confesso* was entered. The insurance companies, complainants here, sought by petition to intervene. Their application was denied. No appeal was taken. Holmes refrained from proceeding with proof in the action for reformation. Soon thereafter the complainant insurance companies filed this bill charging *inter alia* that the reformation suit by Holmes was fraudulent and collusive. That bill, after hearing, was, as has been said, dismissed. The present appeal was submitted on brief. The points argued in the brief are that the court erred in finding there was no fraud in the institution of the reformation suit; that the court further erred in finding that no fraud was committed in the affidavits that alleged Holmes was the sole owner of the property; and that there was error also in finding that Mrs. Holmes had paid no part of the consideration. All of these matters, under the proof in the case, are fact questions.

Vice-Chancellor Berry concluded, and properly so in our judgment, that the complainants' case was "built upon inference and suspicion." From our review of the proofs it seems clear that Holmes alone negotiated for the title; that he paid the purchase price out of his own funds; that he proved by his checks that the payments made were by him alone. His testimony, that there was never any intention on his part that title should be in the joint names of himself and

his wife, was corroborated by the wife, and in great part by the secretary of the grantor corporation.

On each of the fact issues determined by the learned Vice-Chancellor we think his conclusions were correct. The argument of the appellants in this court is in substance that the Vice-Chancellor should have found otherwise than he did. We think there is no merit in the appeal. The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, DILL, JJ. 14.

*For reversal*—None.